UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-79-02 |
| | ) | Judge Phillips |
| ERIKA NICOLE BENNEFIELD | ) | |

## MEMORANDUM AND ORDER

Defendant Erika Nicole Bennefield pled guilty to one count of Aggravated Identity Theft, Aided and Abetted by Another, in violation of 18 U.S.C. §§ 1028A(a)(1), (c)(5), and 2. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [Doc. 40] in accordance with Fed. R. Crim. P. 32. Defendant has filed objections to paragraphs 46, 98, 99, 100, and 101 of the PSR [Doc. 51], and the government has responded in opposition to the objections [Doc. 55]. The Probation Office has issued a revised PSR [Doc. 53], which contains a slight revision to PSR paragraph 98 and consolidated information from paragraphs 100 and 101 into paragraph 100. The Court will hereafter refer to the paragraph numbers in the revised PSR.

It is worth emphasizing at the outset that defendant's plea to aggravated identity theft subjects her to a statutory sentence of two years. 18 U.S.C. § 1028A(a)(1). Indeed, the United States Sentencing Guidelines ("U.S.S.G.") specify that the advisory guideline sentence for a violation of 18 U.S.C. § 1028A "is the term of imprisonment required by statute" and other enhancements or adjustments "shall not apply to that count of

conviction." U.S.S.G. § 2B1.6(a). In other words, defendant is subject to a two-year sentence regardless of any aggravating or mitigating factors.

Defendant's objections relate to the identification of aggravating factors in the PSR. Specifically, defendant objects to the description of her conduct as obstruction of justice in PSR paragraph 46. Similarly, defendant objects to the potential grounds for departure or variance identified in PSR paragraphs 98, 99, and 100. While the PSR's identification of these aggravating circumstances may be unnecessary, they do not alter the statutory sentence to which defendant is subject. Accordingly, the information in these paragraphs will not affect defendant's sentencing and the Court need not rule on the objections. Fed. R. Crim. P. 32(i)(3)(B).

The Court recognizes that much of the information contained in defendant's pleading relates to sentencing arguments, rather than calculations of the advisory Guideline range. The Court will consider that information, along with all other information required by 18 U.S.C. § 3553(a), at sentencing. The defendant's objections [Doc. 51] are **OVERRULED as moot**.

IT IS SO ORDERED.

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE